FILED

09 JUL 14 AM 10: 46

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BRUNOLT, CDCR #P-97942,<br><br>  Plaintiff,<br><br>vs.<br><br>SUZAN HUBBARD, et al.,<br><br>  Defendants. | Civil No.  09-0229 W (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 10] |

On February 5, 2009, Martin L. Brunolt, ("Plaintiff"), an inmate currently incarcerated at R. J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").

On March 18, 2009, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed Plaintiff's Complaint for failing to state a claim upon which § 1983 relief could be granted. *See* Mar. 18, 2009 Order at 5-6. Plaintiff was permitted leave to file an Amended Complaint. *Id.* at 6.

Plaintiff sought reconsideration of the Court's Order because he claims the Court erred in finding that his Complaint had failed to state a claim. *See* Pl.'s Mot. for Reconsideration at 1 [Doc. No. 5]. Plaintiff also filed a First Amended Complaint ("FAC") on April 24, 2009. The Court both denied Plaintiff's Motion to Reconsider and dismissed Plaintiff's First Amended Complaint for failing to state a claim without leave to amend. *See* Apr. 28, 2009 Order at 4; *see also* May 28, 2009 Order at 6. Plaintiff has filed a "Motion to Alter/Amend and/or Vacate Order of 5/27/09 Dismissing Complaint without Leave to Amend" which the Court construes as a Motion to Reconsider that May 28, 2009 Order.

## I. Plaintiff's Motion for Reconsideration

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV.P. 60(b).

may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff's Motion contains no more than a disagreement with the Court's legal analysis. Moreover, as Plaintiff even admits, his claims are time barred by the applicable statute of limitations. (*See* Pl.'s Mot. at 4.) Plaintiff seeks recovery of monies withdrawn from his inmate trust account beginning in 2000. Plaintiff did not file this action until 2009 and while he claims the statute of limitations should not apply because he was "duped" by prison officials, there is no basis to find that Plaintiff's claims are entitled to equitable tolling. Plaintiff cannot state a claim for all the reasons stated in the Court's previous Orders.

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

## II.   Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 10].

**IT IS SO ORDERED.**

DATED:   7/10/09

HON. THOMAS J. WHELAN
United States District Judge